UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DON ANGELO DAVIS, | No. 2:20-cv-1260 DB P |
| Plaintiff, | |
| v. | ORDER |
| ROBERT BURTON, Warden, | |
| Defendant. | |

Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that his Eighth Amendment rights were violated. Presently before the court is plaintiff's motion to proceed in forma pauperis (ECF No. 7) and his complaint for screening. For the reasons set forth below, the court will grant the motion to proceed in forma pauperis and dismiss the complaint with leave to amend.

**IN FORMA PAUPERIS**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). (ECF No. 7.) Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the court. Thereafter, plaintiff will be obligated for monthly payments

of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## SCREENING

### I.     Legal Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell AtlanticCorp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. Here, the defendants must act under color of federal law. Bivens, 403 U.S. at 389. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**II.   Allegations in the Complaint**

Plaintiff has alleged the events giving rise to his claim occurred when he was temporarily housed at Duel Vocational Institute ("DVI") during a transport from High Desert State Prison ("HDSP") to Pelican Bay State Prison ("PBSP"). (ECF No. 1 at 3.) Plaintiff has identified the following defendants in this action: (1) DVI warden, Robert Burton; (2) DVI correctional officer John Doe; (3) DVI correctional officer John Doe; and (4) DVI correctional officer John Doe. (Id. at 2.)

3

Plaintiff states he arrived at DVI on April 11, 2019.  (Id. at 3.)  Plaintiff and approximately eight to ten other inmates were sent to a set of cells that had no windows and no light bulbs.  He further states that the cells were as cold as the outdoor temperature and it seemed as though things could go in and out of the cell at will.  (Id. at 4.)  Plaintiff was housed in the cell for six days.

Plaintiff alleges he got sick from the conditions he was exposed to in the cell.  (Id.)  He "explained to the lady sergeant that [he] had got[ten] sick from being in a cell with no windows and that [he] needed medical attention."  (Id.)  Plaintiff was seen by a prison medical official.

After plaintiff arrived at PBSP he filed a grievance related to the incident at DVI.  (Id. at 5.)  Plaintiff seeks $400.00 in monetary compensation for his suffering during the incident.  (Id. at 5-6.)

**III.    Does Plaintiff State a § 1983 Claim?**

**A.  Eighth Amendment – Conditions of Confinement**

The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment prohibited by the Eighth Amendment.  Whitley v. Albers, 475 U.S. 312, 319 (1986); Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976).  Neither accident nor negligence constitutes cruel and unusual punishment, as "[i]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause."  Whitley, 475 U.S. at 319.  What is needed to show unnecessary and wanton infliction of pain "varies according to the nature of the alleged constitutional violation."  Hudson, 503 U.S. at 5 (citing Whitley, 475 U.S. at 320).

"[A] prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."  Farmer v. Brennan, 511 U.S. 825, 847 (1994).  To state a claim for threats to safety or health, an inmate must allege facts to support that he was incarcerated under conditions posing a substantial risk of harm and that prison officials were "deliberately indifferent" to those risks.  Id. at 834; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).  To adequately allege deliberate indifference, a plaintiff must set

forth facts to support that a defendant knew of, but disregarded, an excessive risk to inmate safety. Farmer, 511 U.S. at 837. That is, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.

Plaintiff's allegations regarding the conditions of the cell he was confined to while housed at DVI are sufficient to state a claim for violation of his Eighth Amendment rights. See Ramos v. Lamm, 639 F.2d 559, 568 (10th Cir. 1980) (Inmates must be provided within their living spaces "reasonably adequate ventilation, sanitation, bedding, hygienic materials, and utilities (i.e., hot and cold water, light, heat, plumbing)."). However, as set forth below, plaintiff will be directed to amend the complaint because it fails to properly identify the defendants and explain how each defendant was involved in the alleged rights violations.

**B. Supervisory Liability**

Plaintiff has identified warden Burton as a defendant in this action but has failed to state any facts showing how Burton violated his rights. Under § 1983, plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The statute clearly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. See Monell, 436 U.S. 692. Plaintiff has failed to state facts showing how warden Burton violated his rights. In order to state a cognizable claim, plaintiff must set forth specific factual allegations demonstrating how each defendant violated his rights. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

Additionally, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations

concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Therefore, to the extent plaintiff is making claims of supervisory liability against warden Burton, those claims are not cognizable here.

### C.  Doe Defendants

Plaintiff has identified the three correctional officers who took him to the cells he alleges were uninhabitable as "John Doe."  (ECF No. 1 at 2-4.)  The use of John Does in pleading practice is generally disfavored – but it is not prohibited.  See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980); Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999); Lopes v. Viera, 543 F. Supp.2d 1149, 1152 (E.D. Cal. 2008).  However, "John Doe" defendant liability must also be properly alleged.  A plaintiff may use "Doe" designations to refer to defendants whose names are unknown; however, he must number them in the complaint, e.g., "John Doe 1," "John Doe 2," so that each numbered John Doe refers to a specific person.  If plaintiff chooses to file an amended complaint, he shall either name the defendants involved or list the Doe defendants involved and describe what each did to violate his rights.  If plaintiff can only list these defendants as John Doe, plaintiff should allege specific acts that each Doe defendant did, such as "John Doe 1 did X" and John Doe 2 did Y."  Alexander v. Tilton, No. 1:07-cv-0759 LJO DLB, 2009 WL 464486, *5 (E.D. Cal. Feb. 24, 2009).

Should plaintiff's amended complaint state a cognizable claim he may be afforded an opportunity for limited, preliminary discovery to identify the names of the John Does "unless it is clear that discovery would not uncover their identities," Gillespie, 629 F.2d at 642, and only after the court is satisfied he has exhausted every other possibility of finding their names.  Since by this order plaintiff will be granted the opportunity to file an amended complaint, he must use the time given to amend to do everything he can to supply the names of the Doe defendants without further assistance from the court.  He may seek extensions of time for the filing of an amended complaint for that purpose if necessary.

////

////

6

### IV. Amending the Complaint

As set forth above, the complaint fails to state a claim. However, plaintiff will be given the opportunity to file an amended complaint. Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. The charging allegations must be set forth in the amended complaint, so defendants have fair notice of the claims plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support of his claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

////

An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, all prior pleadings are superseded. Any amended complaint should contain all of the allegations related to his claim in this action. If plaintiff wishes to pursue his claims against the defendant, they must be set forth in the amended complaint.

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

**CONCLUSION**

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 7) is granted.
2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.
3. Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend.
4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint."
5. Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: January 21, 2021

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB:1/Orders/Prisoner/Civil/Rights/davi1260.scrn