UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DON ANGELO DAVIS,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT BURTON, Warden,<br><br>Defendant. | No. 2:20-cv-1260 DB P<br><br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that his Eighth Amendment rights were violated. Presently before the court is plaintiff's amended complaint (ECF No. 11) for screening. For the reasons set forth below, the court will dismiss the complaint with leave to amend.

**SCREENING**

**I.  Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

////

1

1   A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
2   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
3   Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
4   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
5   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
6   pleaded, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227.
7   Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain
8   statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
9   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell
10  AtlanticCorp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47
11  (1957)).
12      However, in order to survive dismissal for failure to state a claim a complaint must
13  contain more than "a formulaic recitation of the elements of a cause of action;" it must contain
14  factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic,
15  550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the
16  allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.
17  738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all
18  doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).
19      The Civil Rights Act under which this action was filed provides as follows:
20  
> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the deprivation
21  
> of any rights, privileges, or immunities secured by the Constitution .
> . . shall be liable to the party injured in an action at law, suit in equity,
22  
> or other proper proceeding for redress.

23  42 U.S.C. § 1983.  Here, the defendants must act under color of federal law.  Bivens, 403 U.S. at
24  389.  The statute requires that there be an actual connection or link between the
25  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See
26  Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362
27  (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the
28  meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or

omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

## II. Allegations in the Complaint

Plaintiff has alleged the events giving rise to his claim occurred when he was temporarily housed at Duel Vocational Institute ("DVI") during a transport from High Desert State Prison ("HDSP") to Pelican Bay State Prison ("PBSP"). (ECF No. 11 at 3.) Plaintiff has identified the following defendants in this action: (1) DVI warden, Robert Burton; (2) DVI correctional officer John Doe 1; (3) DVI correctional officer John Doe 2; and (4) DVI correctional officer John Doe 3. (Id. at 2.)

Plaintiff arrived at DVI on April 11, 2019. (Id. at 3.) On April 12, 2019, plaintiff and approximately eight to ten other inmates were escorted to another area at DVI by three correctional officers. (Id. at 3-4.) The inmates were assigned to a cell and told to stand in front of the door. (Id. at 4.) The officers approached the inmates one by one, unlocked their cell door, had the inmate enter the cell, then closed and locked the cell door. When plaintiff was instructed to enter his assigned cell, he saw there was no glass in the window and the wind was blowing. He told the officer who unlocked the cell, "you must be kidding if you think I'm going in that cell with no windows at this night hour to spend the night in a outside element."

He alleges the officer was serious and became "kind of hostile and agitated because [plaintiff] wouldn't enter" the cell. Plaintiff states he knew he could not further dispute the cell assignment without serious consequences.

////

Plaintiff remained housed in the cell for six days. He claims there was no light to turn on in the cell, it had not been cleaned and there was fungus or mold on the sink and toilet. (Id. at 5-6.) Plaintiff began to suffer from a cold with head and neck aches. (Id. at 6.)

On April 17, 2019, plaintiff was escorted from the cell for a telephone call related to a prison grievance. (Id.) He told a sergeant that he was sick from spending time in the windowless cell and asked for medical assistance. Plaintiff was seen by a medical assistant who gave him ibuprofen. Plaintiff asked for a cell with windows or to have some cleaning supplies. He was told none of the cells had windows and he would be put on a bus to PBSP the following day.

On April 18, 2019, plaintiff was sent to PBSP. (Id. at 7.) When he arrived at PBSP he had a lingering cough and aches. He told a prison medical professional that he was ill from spending six days in a windowless cell and was worried about coming down with pneumonia. Plaintiff received a pneumonia shot two or three days later.

Plaintiff filed a grievance regarding the prison cell at DVI. Plaintiff spoke to J. Ceja and K. Lamas on the phone regarding the grievance. He stated they "sounded very concerned and sorrowful, and both asked [plaintiff] what would make the situation go away." Plaintiff told them $400.00 in commissary canteen. However, plaintiff never received the money. (Id. at 8.)

**III.   Does Plaintiff State a § 1983 Claim?**

**A. Eighth Amendment – Conditions of Confinement**

The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment prohibited by the Eighth Amendment. Whitley v. Albers, 475 U.S. 312, 319 (1986); Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Neither accident nor negligence constitutes cruel and unusual punishment, as "[i]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause." Whitley, 475 U.S. at 319. What is needed to show unnecessary and wanton infliction of pain "varies according to the nature of the alleged constitutional violation." Hudson, 503 U.S. at 5 (citing Whitley, 475 U.S. at 320).

"[A] prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm

4

and disregards that risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 511 U.S. 825, 847 (1994). To state a claim for threats to safety or health, an inmate must allege facts to support that he was incarcerated under conditions posing a substantial risk of harm and that prison officials were "deliberately indifferent" to those risks. Id. at 834; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). To adequately allege deliberate indifference, a plaintiff must set forth facts to support that a defendant knew of, but disregarded, an excessive risk to inmate safety. Farmer, 511 U.S. at 837. That is, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.

Plaintiff's allegations regarding the conditions of the cell he was confined to while housed at DVI are sufficient to state a cognizable claim for violation of his Eighth Amendment rights. See Ramos v. Lamm, 639 F.2d 559, 568 (10th Cir. 1980) (Inmates must be provided within their living spaces "reasonably adequate ventilation, sanitation, bedding, hygienic materials, and utilities (i.e., hot and cold water, light, heat, plumbing)."). However, as with the original complaint, and discussed in detail below, plaintiff has failed to properly set forth the allegations as they relate to each specific defendant. Accordingly, the complaint will be dismissed with leave to amend.

**B.  Supervisory Liability**

Under § 1983, plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The statute clearly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. See Monell, 436 U.S. 692.

Plaintiff has failed to state facts showing how warden Burton violated his rights. In order to state a cognizable claim, plaintiff must set forth specific factual allegations demonstrating how each defendant violated his rights. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

1  Rather plaintiff has stated that he strongly believes warden Burton was aware of the condition of
2  the cells and that he finds it "very hard to believe that 'Warden Robert Burton' was unaware of
3  the situation." (ECF No. 11 at 5, 8.)  Plaintiff's beliefs and speculation that Burton must have
4  known fail to show that Burton involved in or aware of plaintiff's imprisonment in the
5  windowless cells.  Accordingly, such allegations fail to state a cognizable claim against Burton

6      Additionally, supervisory personnel are generally not liable under § 1983 for the actions
7  of their employees under a theory of respondeat superior and, therefore, when a named defendant
8  holds a supervisorial position, the causal link between him and the claimed constitutional
9  violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979);
10 Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations
11 concerning the involvement of official personnel in civil rights violations are not sufficient.  See
12 Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Therefore, to the extent plaintiff is
13 making claims of supervisory liability against warden Burton, those claims are not cognizable
14 here.

15     **C.  Doe Defendants**

16     Plaintiff has identified the three correctional officers who took him to the cells he alleges
17 were uninhabitable as John Does 1-3.  (ECF No. 11 at 2-4.)  The use of John Does in pleading
18 practice is generally disfavored – but it is not prohibited.  See Gillespie v. Civiletti, 629 F.2d 637,
19 642 (9th Cir. 1980); Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999); Lopes v.
20 Viera, 543 F. Supp.2d 1149, 1152 (E.D. Cal. 2008).  However, "John Doe" defendant liability
21 must also be properly alleged.  A plaintiff may use "Doe" designations to refer to defendants
22 whose names are unknown; however, he must number them in the complaint, e.g., "John Doe 1,"
23 "John Doe 2," so that each numbered John Doe refers to a specific person.

24     As in the original complaint, plaintiff has failed to specify which specific officer opened
25 the cell door and which stood by observing.  If plaintiff chooses to file an amended complaint, he
26 shall either name the defendants involved or list the Doe defendants involved and describe what
27 each did to violate his rights.  If plaintiff can only list these defendants as John Doe, plaintiff
28 should allege specific acts that each Doe defendant did, such as "John Doe 1 did X" and John Doe

2 did Y." Alexander v. Tilton, No. 1:07-cv-0759 LJO DLB, 2009 WL 464486, *5 (E.D. Cal. Feb. 24, 2009).

Should plaintiff's amended complaint state a cognizable claim he may be afforded an opportunity for limited, preliminary discovery to identify the names of the John Does "unless it is clear that discovery would not uncover their identities," Gillespie, 629 F.2d at 642, and only after the court is satisfied he has exhausted every other possibility of finding their names. Since by this order plaintiff will be granted the opportunity to file an amended complaint, he must use the time given to amend to do everything he can to supply the names of the Doe defendants without further assistance from the court. He may seek extensions of time for the filing of an amended complaint for that purpose if necessary.

### IV.     Amending the Complaint

As set forth above, the complaint fails to state a claim. However, plaintiff will be given one more opportunity to file an amended complaint. Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. The charging allegations must be set forth in the amended complaint, so defendants have fair notice of the claims plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support of his claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed.

R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, all prior pleadings are superseded. Any amended complaint should contain all of the allegations related to his claim in this action. If plaintiff wishes to pursue his claims against the defendant, they must be set forth in the amended complaint.

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

**CONCLUSION**

1. Plaintiff's amended complaint (ECF No. 11) is dismissed with leave to amend.
2. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint."

////

////

////

////

3. Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: March 10, 2021

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB:1/Orders/Prisoner/Civil/Rights/davi1260.scrn2