1

2

3

4

5

6

7                        UNITED STATES DISTRICT COURT

8                   FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10    DON ANGELO DAVIS,                          No.  2:20-cv-1260 DB P

11                 Plaintiff,

12          v.                                   ORDER

13    ROBERT BURTON, Warden,

14                 Defendant.

15

16          Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42

17   U.S.C. § 1983.  Plaintiff claims that his Eighth Amendment rights were violated.  Presently

18   before the court is plaintiff's second amended complaint (ECF No. 13) for screening.  For the

19   reasons set forth below, the court will dismiss the complaint with leave to amend.

20                                    **SCREENING**

21   **I.      Legal Standards**

22          The court is required to screen complaints brought by prisoners seeking relief against a

23   governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. §

24   1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims

25   that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

26   granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28

27   U.S.C. § 1915A(b)(1) & (2).

28   ////

                                            1

1      A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

2  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

3  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

4  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

5  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

6  pleaded, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227.

7  Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

8  statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

9  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell

10 AtlanticCorp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47

11 (1957)).

12     However, in order to survive dismissal for failure to state a claim a complaint must

13 contain more than "a formulaic recitation of the elements of a cause of action;" it must contain

14 factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic,

15 550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

16 allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

17 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

18 doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

19     The Civil Rights Act under which this action was filed provides as follows:

20          Every person who, under color of [state law] . . . subjects, or causes
            to be subjected, any citizen of the United States . . . to the deprivation
21          of any rights, privileges, or immunities secured by the Constitution .
            . . shall be liable to the party injured in an action at law, suit in equity,
22          or other proper proceeding for redress.

23 42 U.S.C. § 1983.  Here, the defendants must act under color of federal law.  Bivens, 403 U.S. at

24 389.  The statute requires that there be an actual connection or link between the

25 actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

26 Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

27 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

28 meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or

2

1    omits to perform an act which he is legally required to do that causes the deprivation of which

2    complaint is made." <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

3         Moreover, supervisory personnel are generally not liable under § 1983 for the actions of

4    their employees under a theory of respondeat superior and, therefore, when a named defendant

5    holds a supervisorial position, the causal link between him and the claimed constitutional

6    violation must be specifically alleged.  <u>See</u> <u>Fayle v. Stapley</u>, 607 F.2d 858, 862 (9th Cir. 1979);

7    <u>Mosher v. Saalfeld</u>, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations

8    concerning the involvement of official personnel in civil rights violations are not sufficient.  <u>See</u>

9    <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

10   **II.      Allegations in the Complaint**

11        Plaintiff has alleged the events giving rise to his claim occurred when he was temporarily

12   housed at Duel Vocational Institute ("DVI") during a transport from High Desert State Prison

13   ("HDSP") to Pelican Bay State Prison ("PBSP").  (ECF No. 13 at 1, 3.)  Plaintiff has identified

14   the following defendants in this action: (1) DVI correctional officer John Doe 1; (2) DVI

15   correctional officer John Doe 2; and (3) DVI correctional officer John Doe 3.  (<u>Id.</u> at 2.)

16        Plaintiff arrived at DVI on April 11, 2019.  (<u>Id.</u> at 3.)  On April 12, 2019 around 9:30

17   p.m., plaintiff and approximately eight to ten other inmates were escorted to another area at DVI

18   by three correctional officers.  (<u>Id.</u> at 3.)  The inmates were all assigned to a cell and told to stand

19   in front of the door.  (<u>Id.</u>)  The officers approached the inmates one by one, John Doe 1 unlocked

20   the cell doors, directed the inmates to enter their assigned cell, then closed and locked the cell

21   door.  The other two officers would stand two or three feet away "with an asserting posture in

22   their stance" as the inmates entered their cells.

23        When plaintiff was instructed to enter his assigned cell, he saw there was no glass in the

24   window and the wind was blowing.  He told the officer who unlocked the cell that he must be

25   kidding if he thought plaintiff was "going in that cell with no windows at this night hour to spend

26   the night in a outside element."  (<u>Id.</u> at 4.)  John Doe 1 became "hostile and agitated" because

27   plaintiff refused to enter the cell.  The other two officers appeared ready to use force because

28   ////

                                          3

1  plaintiff was also agitated.  Plaintiff states he knew he could not further dispute the cell

2  assignment, so he entered the cell to avoid further escalation.  (Id.)

3      Plaintiff remained housed in the cell for six days.  He claims there was no light to turn on

4  in the cell, it had not been cleaned and there was fungus or mold on the sink and toilet.  (Id. at 5-

5  5.)  Plaintiff began to suffer from a cold with head and neck aches.  (Id.)

6      On April 17, 2019, plaintiff was escorted from the cell for a telephone call related to a

7  prison grievance.  (Id.)  He told a sergeant that he was sick from spending time in the windowless

8  cell and asked for medical assistance.  Plaintiff was seen by a medical assistant who gave him

9  ibuprofen.  Plaintiff asked for a cell with windows or to have some cleaning supplies.  He was

10  told none of the cells had windows and he would be put on a bus to PBSP the following day.

11      On April 18, 2019, plaintiff was sent to PBSP.  (Id.)  When he arrived at PBSP he had a

12  lingering cough and aches.  He told a prison medical professional that he was ill from spending

13  six days in a windowless cell and was worried about coming down with pneumonia.  A few days

14  later plaintiff received a pneumonia shot.  Plaintiff filed a grievance regarding the prison cell at

15  DVI.  (Id. at 6.)  Plaintiff spoke to J. Ceja and K. Lamas on the phone regarding the grievance.

16  **III.    Does Plaintiff State a § 1983 Claim?**

17  **A. Eighth Amendment – Conditions of Confinement**

18      The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment

19  prohibited by the Eighth Amendment.  Whitley v. Albers, 475 U.S. 312, 319 (1986); Ingraham v.

20  Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976).  Neither

21  accident nor negligence constitutes cruel and unusual punishment, as "[i]t is obduracy and

22  wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by

23  the Cruel and Unusual Punishments Clause."  Whitley, 475 U.S. at 319.  What is needed to show

24  unnecessary and wanton infliction of pain "varies according to the nature of the alleged

25  constitutional violation."  Hudson, 503 U.S. at 5 (citing Whitley, 475 U.S. at 320).

26  "[A] prison official may be held liable under the Eighth Amendment for denying humane

27  conditions of confinement only if he knows that inmates face a substantial risk of serious harm

28  and disregards that risk by failing to take reasonable measures to abate it."  Farmer v. Brennan,

4

1   511 U.S. 825, 847 (1994).  To state a claim for threats to safety or health, an inmate must allege

2   facts to support that he was incarcerated under conditions posing a substantial risk of harm and

3   that prison officials were "deliberately indifferent" to those risks.  Id. at 834; Frost v. Agnos, 152

4   F.3d 1124, 1128 (9th Cir. 1998).  To adequately allege deliberate indifference, a plaintiff must set

5   forth facts to support that a defendant knew of, but disregarded, an excessive risk to inmate

6   safety.  Farmer, 511 U.S. at 837.  That is, "the official must both be aware of facts from which the

7   inference could be drawn that a substantial risk of serious harm exists, and he must also draw the

8   inference."  Id.

9         Plaintiff's allegations regarding the conditions of the cell he was confined to while housed

10  at DVI are sufficient to state a cognizable claim for violation of his Eighth Amendment rights.

11  See Ramos v. Lamm, 639 F.2d 559, 568 (10th Cir. 1980) (Inmates must be provided within their

12  living spaces "reasonably adequate ventilation, sanitation, bedding, hygienic materials, and

13  utilities (i.e., hot and cold water, light, heat, plumbing).").  However, as set forth below, it cannot

14  be served because plaintiff has identified only Doe defendants.  Accordingly, the complaint will

15  be dismissed with leave to amend.

16        **B.  Doe Defendants**

17        Plaintiff has identified the three correctional officers who took him to the cells he alleges

18  were uninhabitable as John Does 1-3.  (ECF No. 11 at 2-4.)  The use of John Does in pleading

19  practice is generally disfavored – but it is not prohibited.  See Gillespie v. Civiletti, 629 F.2d 637,

20  642 (9th Cir. 1980); Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999); Lopes v.

21  Viera, 543 F. Supp.2d 1149, 1152 (E.D. Cal. 2008).  However, the court cannot serve a complaint

22  with only Doe defendants.  Montgomery v. Wong, 2:20-cv-1515 DB P, 2021 WL 1907161, at *4

23  (E.D. Cal. May 12, 2021).  The court will grant plaintiff one final opportunity to amend the

24  complaint.  Plaintiff is encouraged to use the time granted to attempt to determine the names of

25  the Doe defendants.  He may seek extensions of time for the filing of an amended complaint for

26  that purpose if necessary.

27        Plaintiff is warned that if he fails to state a claim against any named defendant, the court

28  will dismiss the action without prejudice to him refiling if he ever learns their true identities.

1  However, if he is able to state a claim against a named defendant, he will be given a reasonable
2  time for discovery to attempt to learn the identities of any remaining Doe defendants.

3      Additionally, although dismissal of the amended complaint or any unidentified Doe
4  defendants would be without prejudice, he is cautioned that there is a statute of limitations[1] within
5  which a § 1983 action may be filed.

6  **IV.   Amending the Complaint**

7      As set forth above, plaintiff has failed to identify a defendant that could be served.
8  However, plaintiff will be given one more opportunity to file an amended complaint. Plaintiff is
9  advised that in an amended complaint he must clearly identify each defendant and the action that
10 defendant took that violated his constitutional rights. The court is not required to review exhibits
11 to determine what plaintiff's charging allegations are as to each named defendant. The charging
12 allegations must be set forth in the amended complaint, so defendants have fair notice of the
13 claims plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support
14 of his claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R.
15 Civ. P. 8(a).

16     Any amended complaint must show the federal court has jurisdiction, the action is brought
17 in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must
18 contain a request for particular relief. Plaintiff must identify as a defendant only persons who
19 personally participated in a substantial way in depriving plaintiff of a federal constitutional right.
20 Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation
21 of a constitutional right if he does an act, participates in another's act or omits to perform an act
22 he is legally required to do that causes the alleged deprivation).

23     In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed.
24 R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed.
25 ////

26

---

27 [1] The statute of limitations for filing a § 1983 action is two years and California provides an additional two years tolling the statute of limitations based on the disability of imprisonment. See
28 Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004) (citing Cal. Civ. Proc. Code §§ 335.1, 352.1).

6

R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity.  See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly.  See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220.  Once plaintiff files an amended complaint, all prior pleadings are superseded. Any amended complaint should contain all of the allegations related to his claim in this action.  If plaintiff wishes to pursue his claims against the defendant, they must be set forth in the amended complaint.

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

////

////

////

////

////

////

////

////

////

////

////

7

1
**CONCLUSION**

2      1.  Plaintiff's amended complaint (ECF No. 13) is dismissed with leave to amend.

3      2.  Plaintiff is granted sixty days from the date of service of this order to file an amended

4           complaint that complies with the requirements of the Civil Rights Act, the Federal

5           Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint

6           must bear the docket number assigned to this case and must be labeled "First

7           Amended Complaint."

8      3.  Failure to comply with this order will result in a recommendation that this action be

9           dismissed.

10  Dated:  June 16, 2021

11

12

13                            DEBORAH BARNES
                               UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21  DB:12
  DB/DB Prisoner Inbox/Civil/Rights/S/davi1260.scrn3

22

23

24

25

26

27

28