UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DON ANGELO DAVIS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ROBERT BURTON, Warden,<br><br>　　　　Defendant. | No. 2:20-cv-1260 DB P<br><br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims defendants violated his Eighth Amendment rights. Presently before the court is plaintiff's motion for the appointment of counsel. (ECF No. 16.)

In support of his motion, plaintiff alleges that he is incarcerated and unable to afford counsel. (Id.) He requests that counsel be appointed to protect his interest. Plaintiff has presented his motion on a form used to request counsel in California superior courts that cites to California Rules of Court, rule 4.551(c)(2). Rule 4.551 of the California Rules of court provides that, in habeas corpus proceedings, "[t]he court must issue an order to show cause if the petitioner has made a prima facie showing that he or she is entitled to relief" if the court issues "an order to show cause, the court must appoint counsel for any unrepresented petitioner who desires but cannot afford counsel." As this is not a habeas action proceeding in a California state court, this rule is not applicable.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

In the present case, the court does not find the required exceptional circumstances. Plaintiff's sole argument appears to be his indigency, thus he has stated nothing more than circumstances common to most inmates. Thus, the court will deny plaintiff's motion to appoint counsel without prejudice.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of counsel (ECF No. 16) is denied.

Dated: July 8, 2021

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB/DB Prisoner Inbox/Civil Rights/R/davi1260.31