UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DON ANGELO DAVIS,<br><br>    Plaintiff,<br><br>    v.<br><br>ROBERT BURTON, Warden,<br><br>    Defendant. | No. 2:20-cv-1260 DB P<br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that his Eighth Amendment rights were violated. Presently before the court is plaintiff's motion for judicial notice. (ECF No. 21.) For the reasons set forth below, the court construes the request as a motion for consideration and will deny the motion.

**I.   Background**

By order dated June 16, 2021, the court screened and dismissed plaintiff's amended complaint because even though plaintiff had stated a potentially cognizable Eighth Amendment claim, he had identified only Doe defendants. (ECF No. 15.) Plaintiff was given sixty days leave to amend and advised to use the time to attempt to determine the names of the Doe defendants. (Id.)

In response plaintiff filed a two-page document captioned "First Amended Complaint." (ECF No. 19.) His filing did not restate the factual allegations contained in prior complaints. Rather, plaintiff stated that he wanted to add officers J. Ceja and K. Lamas as defendants. (Id. at

1

1.) He further stated he was still in the process of trying to ascertain the names of the Doe defendants. (Id. at 2.)

The court dismissed the complaint for failure to state a claim because it did not contain a recitation of the facts giving rise to the claim. Additionally, the court noted that the facts alleged in prior complaints regarding officers Ceja and Lamas were not likely to support a cognizable claim against these officers. (ECF No. 20 at 4.) The court explained that plaintiff could not state a cognizable claim against these officers based solely on their involvement in processing and/or responding to his grievance. (Id.) Plaintiff was granted thirty days leave to file an amended complaint. (Id. at 6.)

Thereafter, plaintiff filed the instant request for judicial notice. (ECF No. 21.) He argues the court improperly dismissed his claims against officers Ceja and Lamas, as well as his prior complaints. He claims that because he spoke with Ceja and Lamas about the incident, they became a fourth and fifth party to the alleged constitutional violations. (Id. at 4.) Because plaintiff alleges the court improperly dismissed his prior complaint, the court will construe the request for judicial notice as a motion for reconsideration of the court's August 27, 2021 screening order.

**II. Request for Reconsideration**

Under Federal Rule of Civil Procedure 60, reconsideration is appropriate in three instances: (1) when there has been an intervening change of controlling law; (2) new evidence has come to light; or (3) when necessary to correct a clear error or prevent manifest injustice. School District No. 1J v. ACandS, Inc., 5 F.3d 1255, 1262 (1993). Additionally, the local rules state that a motion for reconsideration must demonstrate: "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion; and [ ] why the facts or circumstances were not shown at the time of the prior motion." E.D. Cal. R. 230(j)(3), (4).

"[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed
////

clear error, or if there is an intervening change in the controlling law." <u>389 Orange St. Partners v. Arnold</u>, 179 F.3d 656, 665 (9th Cir. 1999).

Plaintiff's request for judicial notice indicates his disagreement with the court's screening order. (ECF No. 21.) However, plaintiff's disagreement with the court's ruling is not grounds for reconsideration. <u>See</u> <u>U.S. v. Westlands Water Dist.</u>, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001) (Mere disagreement with the decision is not sufficient grounds to warrant relief from the order.). Accordingly, the court will deny the motion.

**III.     Identifying the Doe Defendants**

The court notes that plaintiff sought to add Ceja and Lamas as defendants because he has not yet ascertained the identities of the Doe defendants. He has further indicated that he is still attempting to identify the Doe defendants. He is advised that a court may authorize early discovery "for the convenience of parties and witnesses and in the interests of justice." Fed. R. Civ. P. 26(d)(3). Courts generally require a party to show good cause to warrant early discovery. <u>See e.g.</u>, <u>Texas Guaranteed Student Loan Corp. v. Dhindsa</u>, No. C 10-0035, 2010 WL 2353520, at *2 (E.D. Cal. June 9, 2010); <u>Patrick v. Collins Inc. v. Does 1-1219</u>, No. C 10-04468 LB, 2010 WL 5422569, at *2 (N.D. Cal. Dec. 28, 2010); <u>U.S. v. Distribuidora Batiz CGH, S.A. De C.V.</u>, No. 07cv370-WQH-JMA, 2009 WL 2487971, at *10 (S.D. Cal. Aug. 10, 2009).

When evaluating whether a plaintiff has shown good cause sufficient to warrant early discover to identify a doe defendant, plaintiff must: "(1) identify the defendant with enough specificity to allow the Court to determine whether the defendant is a real person or entity who could be sued in federal court; (2) recount the steps taken to locate the defendant; (3) show that its action could survive a motion to dismiss; and (4) file a request for discovery with the Court identifying the persons or entities on whom discovery process might be served and for which there is a reasonable likelihood that the discovery process will lead to identifying information." <u>Io Group, Inc. v. Does 1-65, individuals</u>, No. 10-4377 SC, 2010 WL 4055667 at *1 (N.D. Cal. Oct. 15, 2010) (citing <u>Columbia Ins. Co. v. seescandy.com</u>, 185 F.R.D.573, 578-80 (N.D. Cal. 1999).

////

Plaintiff has not sought early discovery or indicated whether or not he has taken any steps to identify the doe defendants or requested discovery. Accordingly, the court declines to issue an order authorizing early discovery at this time. However, plaintiff may move for such an order.

**IV.   Conclusion**

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for judicial notice (ECF No. 21) is construed as a motion for reconsideration and denied.

2. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned to this case and must be labeled "Fourth Amended Complaint."

3. Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: October 26, 2021

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB/DB Prisoner Inbox/Civil/Rights/S/davi1260.recon