UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DON ANGELO DAVIS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ROBERT BURTON, Warden,<br><br>　　　　　Defendant. | No. 2:20-cv-1260 DB P<br><br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that his Eighth Amendment rights were violated. Presently before the court is plaintiff's fourth amended complaint (ECF No. 23) for screening. For the reasons set forth below, the court will recommend that this action be dismissed without prejudice.

**SCREENING**

**I.     Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

////

1

1    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
2    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
3    Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an
4    indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,
5    490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully
6    pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227.
7    Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain
8    statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
9    defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell
10   AtlanticCorp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47
11   (1957)).

12   However, in order to survive dismissal for failure to state a claim a complaint must
13   contain more than "a formulaic recitation of the elements of a cause of action;" it must contain
14   factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic,
15   550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the
16   allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.
17   738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all
18   doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

19   The Civil Rights Act under which this action was filed provides as follows:

20   > Every person who, under color of [state law] . . . subjects, or causes
21   > to be subjected, any citizen of the United States . . . to the deprivation
     > of any rights, privileges, or immunities secured by the Constitution .
22   > . . shall be liable to the party injured in an action at law, suit in equity,
     > or other proper proceeding for redress.

23   42 U.S.C. § 1983. Here, the defendants must act under color of federal law. Bivens, 403 U.S. at
24   389. The statute requires that there be an actual connection or link between the
25   actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See
26   Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362
27   (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the
28   meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or

1  omits to perform an act which he is legally required to do that causes the deprivation of which
2  complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

3  Moreover, supervisory personnel are generally not liable under § 1983 for the actions of
4  their employees under a theory of respondeat superior and, therefore, when a named defendant
5  holds a supervisorial position, the causal link between him and the claimed constitutional
6  violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979);
7  Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations
8  concerning the involvement of official personnel in civil rights violations are not sufficient. See
9  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

## II. Allegations in the Complaint

The events giving rise to the claim occurred while plaintiff was temporarily housed at Duel Vocational Institute ("DVI") during a transport from High Desert State Prison ("HDSP") to Pelican Bay State Prison ("PBSP"). (ECF No. 23 at 4, 6.) Plaintiff has identified sergeant J. Ceja and lieutenant K. Lamas as defendants in this action. (Id. at 5.)

Plaintiff states that he arrived at DVI on April 11, 2019. (Id. at 6.) The following day around 9:30 p.m. three correctional officers escorted plaintiff and eight to ten other inmates to an area of DVI called "East Hall." (Id.) The inmates were given cell numbers and instructed to stand in front of their assigned cell. The officers approached the inmates one by one, unlocked the cell door, and ordered the inmate to step into their assigned cell.

When plaintiff entered his assigned cell, he noticed that there was no glass on the window, and he could feel the wind blowing into the cell. (Id. at 7.) Plaintiff told the officer, identified in the complaint as John Doe 1, that he must be kidding if he thought plaintiff was going into a cell with no windows. The officer "became hostile and agitated" because plaintiff refused to enter the cell. The other two officers looked ready to use force, so plaintiff entered the cell to avoid further conflict. Once inside the cell plaintiff realized he could not turn on the light and that there was fungus and mold on the sink and inside the toilet. (Id. at 7-8.)

On April 17, 2019, plaintiff was escorted out of the cell for telephone call related to a prison grievance. He informed the sergeant he was sick and in pain from spending the past

several days in a cell with no windows. The sergeant "kind of laughed" and told him that inmates kicked the windows out every year, so they stopped replacing them. (Id. at 7-8.) Plaintiff was given ibuprofen by a medical technical assistant. (Id. at 8.) The following day plaintiff was sent to PBSP. When he arrived, he was ill with a lingering cough and aches.

Plaintiff filed a grievance complaining of his confinement in the windowless cell. (Id. at 9.) He spoke to J. Ceja regarding his grievance on July 2, 2019 and was interviewed by K. Lamas on August 28, 2019.

### III.   Does Plaintiff State a § 1983 Claim?

#### A. Eighth Amendment – Conditions of Confinement

The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment prohibited by the Eighth Amendment. Whitley v. Albers, 475 U.S. 312, 319 (1986); Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Neither accident nor negligence constitutes cruel and unusual punishment, as "[i]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause." Whitley, 475 U.S. at 319. What is needed to show unnecessary and wanton infliction of pain "varies according to the nature of the alleged constitutional violation." Hudson, 503 U.S. at 5 (citing Whitley, 475 U.S. at 320).

"[A] prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 511 U.S. 825, 847 (1994). To state a claim for threats to safety or health, an inmate must allege facts to support that he was incarcerated under conditions posing a substantial risk of harm and that prison officials were "deliberately indifferent" to those risks. Id. at 834; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). To adequately allege deliberate indifference, a plaintiff must set forth facts to support that a defendant knew of, but disregarded, an excessive risk to inmate safety. Farmer, 511 U.S. at 837. That is, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.

Plaintiff's allegations regarding the conditions of the cell he was confined to while housed at DVI are sufficient to state a cognizable claim for violation of his Eighth Amendment rights. See Ramos v. Lamm, 639 F.2d 559, 568 (10th Cir. 1980) (Inmates must be provided within their living spaces "reasonably adequate ventilation, sanitation, bedding, hygienic materials, and utilities (i.e., hot and cold water, light, heat, plumbing)."). However, as with the prior complaints, plaintiff has failed to identify any of the officers who placed him in the cell. As set forth below, the complaint fails to state a claim against the named defendants. Accordingly, the court will recommend that this action be dismissed.

### B. No Right to any Specific Grievance Procedure

Plaintiff named two defendants in the amended complaint, Cejas and Lamas. Their involvement in the events giving rise to the claim was limited to interviewing plaintiff regarding his grievance. (ECF No. 23 at 9.) However, as set forth in the court's August 27, 2021 screening order (ECF No. 20 at 4), a defendant's actions in responding to plaintiff's grievance alone, cannot give rise to any claims for relief under section 1983 for violations of plaintiff's due process rights. The Ninth Circuit has held that inmates have no protected interest in an inmate grievance procedure arising directly from the Due Process Clause. See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) ("[I]nmates lack a separate constitutional entitlement to a specific grievance procedure"); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988) (there is no protected liberty interest to a specific grievance procedure). Thus, plaintiff cannot state a claim based on prison officials' actions in processing and/or responding to his grievance. See Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (the administrative "grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates. Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment . . . Thus, defendants' failure to process any of [plaintiff's] grievances, without more, is not actionable under section 1983.") (internal quotations omitted). The allegations in the amended complaint fails to state a cognizable claim against Cejas and Lamas.

////

////

### IV. No Leave to Amend

The court will recommend that the fourth amended complaint be dismissed without leave to amend because plaintiff was previously notified of the deficiencies and has failed to correct them. A plaintiff's "repeated failure to cure deficiencies" constitutes "a strong indication that the [plaintiff] has no additional facts to plead" and "that any attempt to amend would be futile[.]" See Zucco Partners, LLC v. Digimarc Corp., 552 F.3d 981, 1007 (9th Cir. 2009) (internal citations and quotation marks omitted) (upholding dismissal of complaint with prejudice when there were "three iterations of [the] allegations—none of which, according to [the district] court, was sufficient to survive a motion to dismiss"); see also Simon v. Value Behavioral Health, Inc., 208 F.3d 1073, 1084 (9th Cir. 2000) (affirming dismissal without leave to amend where plaintiff failed to correct deficiencies in the complaint, where court had afforded plaintiff opportunities to do so, and had discussed with plaintiff the substantive problems with his claims), amended by 234 F.3d 428, overruled on other grounds by Odom v. Microsoft Corp., 486 F.3d 541, 551 (9th Cir. 2007); Plumeau v. Sch. Dist. 40 Cnty. of Yamhill, 130 F.3d 432, 439 (9th Cir. 1997) (denial of leave to amend appropriate where further amendment would be futile).

Plaintiff was previously advised that the court cannot serve Doe defendants. (ECF No. 8 at 6; ECF No. ECF No. 12 at 6-7; ECF No. 15 at 5-6.) He was also instructed that he could not state a claim against Ceja and Lamas based solely on their involvement in the grievance procedure. (ECF No. 20 at 4.) Plaintiff has failed to correct the identified deficiencies and the court is convinced that further attempts to amend would be futile. Because plaintiff's allegations are sufficient to state an Eighth Amendment claim and he could proceed on his claim if he discovered the identities of the officers involved, the court will recommend that this action be dismissed without prejudice.[1]

////

////

---

[1] Plaintiff is advised that the statute of limitations for filing a § 1983 action is two years and California provides an additional two years tolling the statue of limitations based on the disability of imprisonment. See Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004) (citing Cal. Civ. Proc. Code §§ 335.1, 352.1).

**CONCLUSION**

For the reasons set forth above, the Clerk of the Court is ORDERED to randomly assign this action to a United States District Judge.

IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's Order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 29, 2021

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB/DB Prisoner Inbox/Civil/Rights/S/davi1260.scm5